**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chas Roberts Air Conditioning, Inc., ) | No. CV 04-1573 PHX NVW |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Sheet Metal Workers International ) Association Local Union 359, et al., ) | |
| Defendants. ) | |

Before the court is the motion of the plaintiffs in case No. CV05-1371-PHX-EHC (Mahelio Reco, et al., v. Chas Roberts Air Conditioning, Inc., et al.) to transfer that case to the undersigned judge (doc. #54). The same parties have previously filed a motion in that case before Judge Carroll to have him transfer that case to the undersigned judge. Because such motion is required to be filed before and decided by the judge to whom the case would be transferred, Judge Carroll referred that motion to me. I recused myself from the motion and referred it back to Judge Carroll. Judge Carroll later denied the motion because it was improperly filed before him. Plaintiffs in case No. CV-05-1371-PHX-EHC have now refiled this motion in this cause.

By previous order of September 7, 2005, I explained that I would recuse because of my relationship with Mr. Aronson and Mr. Morrill of the firm of Morrill and Aronson. That

1 firm has since filed a notice that it has withdraw from case No. CV-05-1371-PHX-EHC, 2 which removes the basis of my recusal. Therefore, I now can and must address the motion.

3 This case, No. CV 04-1573 PHX NVW, is an action by Chas Roberts Air 4 Conditioning, Inc., to vacate a Joint Adjustment Board award. By order entered May 3, 2005 5 (doc. # 49), this court vacated the award and remanded for a freshly constituted Board to 6 determine whether the collective bargaining agreement between the parties expired or is still 7 in effect, a determination necessary to sustain the prior award but which was not made. This 8 court retained jurisdiction, principally so that any party may seek to confirm or vacate a 9 further award.

10 Case No. CV-05-1371-PHX-EHC is a wage and hour action by Chas Roberts 11 employees against Chas Roberts and against its surety Western Surety Company. The 12 plaintiffs in that action seek transfer of that action to the undersigned judge and consolidation 13 of the two actions. The only point of alleged similarity between the two cases is that in No. 14 CV 04-1573 PHX NVW Chas Roberts pleads as affirmative defenses:

15 36. One or more of plaintiff's claims may be barred by estoppel, preemption, and/or their failure to exhaust contractual and/or administrative prerequisites 16 to the pursuit of such claims.

17

18 The plaintiffs in Case No. CV-05-1371-PHX-EHC assert this is a reference to the 19 collective bargaining agreement, the continuing effect of which will be determined by the 20 Joint Adjustment Board pursuant to this court's remand in No. CV 04-1573 PHX NVW. 21 That is not basis for transfer, much less for consolidation of the two cases. Assuming the 22 current effectiveness of the old collective bargaining agreement would have a significant 23 effect on Case No. CV-05-1371-PHX-EHC–an assumption in no way apparent from the 24 paragraph of the answer quoted just above– still it would not warrant transfer of Case No. 25 CV-05-1371-PHX-EHC to the undersigned judge or consolidation of the cases. The 26 undersigned judge is familiar with whether the continuing effectiveness of the old collective 27 bargaining agreement is an arbitrable question under the agreement. The undersigned judge 28 is not familiar with the substantive terms of the old collective bargaining agreement and will

have no occasion to become familiar with them upon further proceedings in No. CV 04-1573 PHX NVW.

Other considerations also preclude transfer or consolidation of these two cases. While Chas Roberts Air Conditioning, Inc., is a common party in both actions, the other parties are different. The legal grounds of the two actions are different. The facts of relevance are entirely different. If the continuing effectiveness of the old collective bargaining agreement becomes important in Case No. CV-05-1371-PHX-EHC, the plaintiffs in that action will be bound by the Joint Adjustment Board's decision in that regard in the proceeding on remand in No. CV 04-1573 PHX NVW. Finally, the proceedings in No. CV 04-1573 PHX NVW are largely over and the important issue–arbitrability of the continuing effectiveness of the collective bargaining agreement–has been resolved. The proceedings in Case No. CV-05-1371-PHX-EHC are just beginning.

IT IS THEREFORE ORDERED that the Motion to Transfer Case No. CV-05-1371-PHX-EHC to Judge Wake or for other Relief (doc. # 54) is denied.

DATED this 11th day of October, 2005.

_____
Neil V. Wake
United States District Judge