**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chas Roberts Air Conditioning, Inc., | No. CV 04-1573 PHX NVW |
| Plaintiff, | **ORDER** |
| vs. | |
| Sheet Metal Workers International Association, Local Union 359, | |
| Defendant. | |
| Sheet Metal Workers International Association, Local Union 359, | |
| Counter Claimant, | |
| vs. | |
| Chas Roberts Air Conditioning, Inc., | |
| Counter Defendant. | |

Before the court is Chas Roberts Air Conditioning, Inc.'s Motion for Reconsideration and Motion for Stay of Arbitration Proceedings (doc. #61), the Response (doc. # 62) and Declaration (doc. # 63), and the Reply (doc. # 65). Also before the court is the Motion to Supplement Reply (doc. #66).

By order of May 4, 2005 (doc. #49), this court set aside the Joint Adjustment Board award of July 13, 2004, and remanded this matter to the Board for further proceedings,

including a determination of whether the collective bargaining agreement remains in effect or has expired. In its motion, plaintiff Chas Roberts Air Conditioning, Inc., seeks reconsideration of the May 4, 2005 order and a stay of the arbitration proceedings, now scheduled for October 20, 2005, because of the supposed taint of the July 2005 Local No. 359 Newsletter addressed to all union members, including presumably the new Board members. The newsletter states, "The federal court saw merit in the grievances that we filed against Chas Roberts over a year ago. The federal judge referred these grievances back to the Local Joint Adjustment Board, where they will be reviewed once again by a new panel. As they find merit with these grievances, then the Unfair Labor Practice charges will also be reviewed again by the National Labor Relations Board."

The quoted passage from the newsletter is palpably false to the extent it states, "The federal court saw merit in the grievances that we filed against Chas Roberts over a year ago." As is apparent from a plain reading of the May 4, 2005 order (or of this order), this court found no merit to either side's substantive positions. Rather, this court found that the question of the expiration or continuing effect of the collective bargaining agreement is a matter for arbitration before the Board, that the Board made no such determination, and that the Board should do so with a freshly constituted panel.

The circumstance that, by agreement of the parties, the Board is made up of equal numbers of representatives from both sides does not make the union representative members any more incapable of serving as arbitrators than the management representative members. *Cf. United Farm Workers of America, AFL-CIO v. Arizona Agricultural Employment Relations Board*, 727 F.2d 1475 (9th Cir. 1984) (en banc) (tri-partite composition of state agricultural labor relations board, with equal numbers of union and management members, does not violate due process). The notion that Board members cannot separate out what they read in the media from what the otherwise know to be true is unpersuasive.

The court cannot discern how these circumstances warrant either reconsideration of the May 4, 2005 order or a stay of the scheduled October 20, 2005 Board proceeding. The members of the new Board can read this court's orders and discern their obvious meaning.

1        IT IS THEREFORE ORDERED that the Motion to Supplement Reply (doc. #66) is
2   granted.
3        IT IS FURTHER ORDERED that Chas Roberts Air Condition, Inc.'s Motion for
4   Reconsideration and Motion for Stay of Arbitration Proceedings (doc. #61) is denied.
5        DATED this 14th day of October, 2005.

*/s/ Neil V. Wake*
Neil V. Wake
United States District Judge